UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIERAN GOMEZ,

                                    Plaintiff,

       vs.                                                       9:06-CV-900 (LEK/GJD)

ANTHONY M. VOLPE, et al.,

                                    Defendants.
_____

KIERAN GOMEZ
Plaintiff pro se
JAMES SEAMAN, Asst. Attorney General
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights action, plaintiff alleges that defendants disciplined plaintiff for refusing to "pan up" trays of beef hot dogs in violation of his religious beliefs. Complaint at p.4 (Dkt. No. 1). Presently before this court is defendants' motion to dismiss this action for failure to prosecute. (Dkt. Nos. 21, 22). For the following reasons, this court agrees with defendants and will recommend that the complaint be dismissed.

## DISCUSSION

**1.**    <u>**Background**</u>

Plaintiff originally filed this action in the Western District of New York. On July 18, 2006, Unites States Magistrate Judge Leslie G. Foschio ordered the case

transferred to the Northern District of New York. (Dkt. No. 10). On January 23, 2007, the Honorable Lawrence E. Kahn issued an order dismissing plaintiff's due process claims in accordance with an order of Western District Judge John T. Elfvin. (Dkt. No. 13). The order further required defendants to file an answer. The answer was filed on February 22, 2007. (Dkt. No. 14).

On April 24, 2007, the court issued a pretrial scheduling order setting deadlines. (Dkt. No. 16). The deadline for discovery was October 30, 2007. The dispositive motion deadline is February 28, 2008. *Id.* On April 10, 2007, plaintiff filed a change of address, stating that he had been released. (Dkt. No. 15 at p.2). Although noted on the docket, this change of address was rejected for failure to serve defense counsel. (Dkt. No. 15). Plaintiff never filed a new change of address with the court, nor did he serve defense counsel. Defense counsel appears to have determined plaintiff's new address from the docket sheet.

On October 2, 2007, defense counsel filed a motion, requesting the court to order plaintiff's deposition. (Dkt. No. 17). In that letter-motion, defense counsel stated that plaintiff had been released in February of 2007. Despite two notices of deposition, one sent to the correctional facility and one sent to the address that he provided for the court, plaintiff did not appear for his deposition. On October 12, 2007, I granted defendants' motion and ordered plaintiff to appear for a deposition on October 29, 2007. (Dkt. No. 19). In that order, I stated that if plaintiff failed to appear for his deposition, the court would entertain a motion to dismiss. *Id.* That motion to dismiss is now pending.

**2. Discovery Sanctions**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(d)(1)(A)(i).[1] (cross referencing Rule 37(b)(2)(A)(v) which authorizes the court to dismiss an action for failure to comply with a discovery order).

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In this case, defense counsel initially sent plaintiff a notice of deposition, dated August 2, 2007, scheduling plaintiff's deposition for September 7, 2007. (Dkt. No. 21, Ex. C). Plaintiff was released from prison in February of 2007, so the defendants no longer were required to obtain a court order to depose plaintiff. *See* FED. R. CIV. P. 30(a)(2)(B)(leave of court required to take deposition of prison inmate). Plaintiff did not appear for the September 7, 2007 deposition. Seaman Aff. ¶ 12. On October 11, 2007, defense counsel sent plaintiff the application that he filed, requesting the court

---

[1] The court notes that on December 1, 2007, amendments to the Federal Rules of Civil Procedure took effect, changing the numbering of the sections within Rule 37. The substance of the sections cited has remained the same. The court will cite to the current version of the rule.

to order plaintiff's deposition. (Dkt. No. 21, Ex. D).

Defense counsel also served plaintiff with a copy of my October 11, 2007 order, requiring plaintiff to appear for a deposition on October 29, 2007. (Dkt. No. 21, Ex. E). The court notes that plaintiff would also have received a copy of my order directly from the Clerk of the Court. The electronic docket sheet shows that the order was sent to plaintiff at his new address. (Dkt. No. 19). Plaintiff did not appear for the October 29, 2007 deposition. Seaman Aff. ¶ 19. Plaintiff never contacted the court, and defense counsel states that plaintiff never contacted defense counsel to reschedule or to inform counsel that plaintiff would not be appearing. Defense counsel has submitted the transcript, made on October 29, 2007, placing on the record, the plaintiff's failure to appear for his court-ordered deposition. (Dkt. No. 21, Ex. G).

Notwithstanding his *pro se* status, plaintiff was clearly warned that the failure to appear for his deposition could result in the dismissal of his action. He received two copies of this court's order, one from the court and one from defense counsel. The court's order was not returned, and the court can assume that plaintiff received the order and simply chose to ignore it. This court finds that plaintiff's failure to participate is willful. If plaintiff will not participate in discovery and will not contact the court or defense counsel, there is no alternative but to recommend dismissal. The case cannot proceed without plaintiff's participation, and the defendants will be prejudiced if they cannot obtain discovery on the claim made by plaintiff in his complaint. The court has considered other sanctions, but finds that none are appropriate in this case.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute as a discovery sanction (Dkt. No. 21) be **GRANTED**, and that the complaint be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 8, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge